NO. 12-06-00129-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

MICHAEL WAYNE MCKINNEY,  §          APPEAL
FROM THE 173RD

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          HENDERSON
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Michael
Wayne McKinney pleaded guilty to possession of a controlled substance.  Pursuant to a plea bargain agreement, the
trial court sentenced him to seven years of imprisonment.  In his sole issue, Appellant contends that
the trial court erred in denying his motion to suppress evidence.  We affirm.

Background

            On April 13,
2005, Investigators Eugene Hillhouse and Kevin Hanes, and several other
officers from the Henderson County Sheriff’s Department, went to Appellant’s
residence to execute an arrest warrant. 
They announced their presence but, initially, no one answered the
door.  They heard movement inside the
house, and eventually a female, later identified as Tracy Bensdale, came to the
door.  She told the officers that
Appellant was not at home.  The officers
then entered the residence and began to search for Appellant.








            They found
Appellant hiding in a water heater cabinet. 
They pulled him out, arrested him, and took him outside.  Inside the water heater cabinet where
Appellant had been hiding, Investigator Hanes found an open pocket knife and a
small tin that was sealed with tape and contained  methamphetamine.  Investigator Hillhouse testified that, when
he saw this container, especially because of the way it was taped, his first
impression was the container was being used to conceal drugs.

            Appellant
moved to suppress the methamphetamine, arguing that the search was not
sufficiently contemporaneous with his arrest. 
The trial court found that 1) the search was made incident to a valid
warrant of arrest, 2) the contraband was found in the immediate vicinity where
Appellant was first found, and 3) the contraband was found where a potential
weapon was in plain view.  Thus, the
trial court denied the motion to suppress.

 

Suppression
of Evidence

            In his sole
issue, Appellant contends that the trial court erred in denying his motion to
suppress the methamphetamine found in the water heater cabinet.  Appellant argues that the container and its
contents were discovered because of an illegal search conducted by Investigator
Hanes.  Specifically, Appellant contends
that the search was not sufficiently contemporaneous with his arrest and the
container of methamphetamine should not have been opened. 

Standard of Review

            A trial
court’s ruling on a motion to suppress evidence is reviewed under an abuse of
discretion standard.  Balentine v.
State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  An appellate court should give almost total
deference to a trial court’s determination of historical facts supported by the
record, especially when the trial court’s fact findings are based on an
evaluation of credibility and demeanor.  Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  Generally, we consider de novo issues that
are purely questions of law.  Id.  

            In a
suppression hearing, the trial court is the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony.  State v. Ross, 32 S.W.3d 853,
855 (Tex. Crim. App. 2000).  Accordingly,
the judge may believe or disbelieve all or any part of a witness’s testimony,
even if that testimony is not controverted. 
Id.

Applicable Law

            The Fourth
Amendment to the United States Constitution prohibits unreasonable searches and
seizures.  U.S. Const. amend. IV. 
The Texas Constitution contains a similar prohibition.  See Tex.
Const. art. I, § 9.  A warrantless
search is unreasonable unless it falls within certain specific exceptions.  Reasor v. State, 12 S.W.3d 813,
817 (Tex. Crim. App. 2000).  One such
exception is “search incident to arrest.” 
Chimel v. California, 395 U.S. 752, 762-63, 89 S. Ct.
2034, 2040, 23 L. Ed. 2d 685 (1969); Carrasco v. State, 712
S.W.2d 120, 122 (Tex. Crim. App. 1986). 
During a search incident to an arrest, officers may search any area
within the arrestee’s immediate control where he may obtain a weapon or destroy
evidence.  Chimel, 395 U.S.
at 763, 89 S. Ct. at 2040.  Additionally,
the search incident to an arrest can include unopened containers as long as the
containers are “within the arrestee’s immediate control.”  See New York v. Belton,
453 U.S. 454, 460-62, 101 S. Ct. 2860, 2864-65, 69 L. Ed. 2d 768 (1981). 

Discussion

            Although the
time frame is not specified in the record, Investigator Hanes searched the
water heater cabinet a very short time after Appellant was found.  While the other officers were arresting
Appellant and Bendale, Investigator Hanes was searching the water heater
cabinet.  Before the suspects or any of
the officers left the residence, Investigator Hanes concluded his search and
reported the findings to Investigator Hillhouse.  Based on this record, the trial court could
conclude that the search was incident to the arrest in terms of time, and we
defer to this implied finding of the trial court.  See Guzman, 955 S.W.2d at 89.

            On direct,
Investigator Hillhouse explained that while they were getting Appellant out of
the bedroom and outside, Investigator Hanes advised him that he had found
suspected methamphetamine.  On cross
examination, he agreed with defense counsel that Appellant was already outside
the residence when the search was conducted. 
While this presents a potential conflict in the evidence, any such
conflict is for the trial court to resolve. 
See Ross, 32 S.W.3d at 855.  Nonetheless, the record establishes that Appellant
had been removed from the cabinet when it was searched.  This does not, however, preclude a finding
that the search satisfied the search incident to arrest exception.  To require the searched items to literally be
in the “grasp” of the arrested suspect would be talismanic in nature and
absurd.  Carrasco, 712
S.W.2d at 123.  A search can be incident
to arrest even when the suspect has been arrested and moved from the area
searched.  See Belton,
453 U.S. at 462-63, 101 S. Ct. at 2862 (search of passenger compartment of
automobile, and pocket of jacket found there, after suspect had been removed
from vehicle upheld as search incident to arrest).  The area searched was Appellant’s hiding
place immediately before the arrest, the water heater cabinet.  The entire water heater cabinet was a very
small space where Appellant could potentially retrieve a weapon or conceal or
destroy evidence. The area was searched immediately after Appellant was
removed.  The trial court could find
under these circumstances that the exigencies of the situation demonstrate the
search was sufficiently immediate and contemporaneous to the arrest in terms of
location of the suspect at the time of the search to be incident to the arrest,
and we defer to this implied finding of the trial court.  See id., 453 U.S. at 457, 101
S. Ct. at 2862.

            Appellant,
citing Chimel, argues that, even if the search was incident to an
arrest, there was no justification for opening the container.  However, Belton makes it clear
that, when the search incident to arrest exception applies, the officers are
authorized to open and search containers that are potentially within the
control of the suspect at the time of the arrest.  Belton, 453 U.S. at 460, 101 S.
Ct. at 2864.  The lawful custodial arrest
justifies the infringement of any privacy interest the arrestee may have in the
container whether it is open or closed.  Id.,
453 U.S. at 461, 101 S. Ct. at 2864. 
Here, the contents of the container, even though closed and taped, were
sufficiently within the potential control of Appellant at the time of the
arrest to justify the search.  Under the
facts of this case, the search was reasonable, and the trial court correctly
denied the motion to suppress.  We
overrule Appellant’s sole issue.

 

Disposition

            Having overruled
Appellant’s sole issue, the judgment of the trial court is affirmed.

 

                                                                                                     BRIAN HOYLE    

                                                                                                              Justice

 

 

Opinion delivered January 31,
2007.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

(DO NOT PUBLISH)